# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

MARIA ELIZABETH MEYER,

     Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

No. C15-3120-LTS

**MEMORANDUM OPINION AND
ORDER ON REPORT AND
RECOMMENDATION**

---

## I.  INTRODUCTION

This case is before me on plaintiff Maria Elizabeth Meyer's objections (Doc. No. 17) to a Report and Recommendation (R&R) filed by the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge.  *See* Doc. No. 16.  Judge Scoles recommends that I affirm a decision of the Commissioner of Social Security (the Commissioner) denying Meyer's applications for Social Security disability benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 410 et seq. (Act).  The Commissioner has filed a timely response (Doc. No. 18) to Meyer's objections.  The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole."  *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . .").  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003).  The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge (ALJ)], but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005).  The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010).  The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989).  The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record *de novo*." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).  Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

**B.      Review of Report and Recommendation**

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of*

*Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).


### III.    THE R&R

Judge Scoles reviewed (a) the ALJ's evaluation of Meyer's subjective allegations of disability, (b) the ALJ's evaluation of evidence from non-medical sources and (c) the ALJ's residual functional capacity (RFC) determination.   Judge Scoles began by explaining the standards for determining a claimant's credibility:

> When assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions."  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  An ALJ should also consider "a claimant's work history and the absence of objective medical evidence to support the claimant's complaints[.]"  *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008).  The ALJ, however, may not disregard a claimant's subjective complaints "'solely because the objective medical evidence does not fully support them.'"  *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

> Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole."  *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) . . .  If an ALJ discounts a claimant's subjective complaints, he or she is required to "'make an express credibility

> determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors.'" *Renstrom*, 680 F.3d at 1066 . . . Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) . . . .

Doc. No. 16 at 15-16. Judge Scoles found that the ALJ properly assessed Meyer's credibility, adequately considered and addressed the *Polaski* factors, and, for good reasons, determined that Meyer's subjective allegations were not entirely credible. *Id.* at 19. Judge Scoles noted that the ALJ thoroughly considered and discussed Meyer's treatment history and the objective medical evidence, along with her functional restrictions, use of medications, work history, and activities of daily living in making his credibility determination. *Id.* Judge Scoles pointed out (a) that although Meyer was only recently diagnosed with Asperger's syndrome, she has experienced symptoms associated with the disorder since childhood but has demonstrated an ability to work for prolonged periods on multiple occasions, (b) that while Meyer's primary limiting impairment is chronic migraine headaches, the subjective reports of pain and impairment in Meyer's migraine journal were inconsistent with her treatment record and the difficulties she experienced at work, and (c) the record indicates that Meyer has generally responded well to her migraine medication regiment. *Id.* at 19. Judge Scoles further found that even if inconsistent conclusions could be reached on this issue, the ALJ's conclusion should be upheld because it is supported by substantial evidence in the record as a whole. *Id.* at 19-20.

Judge Scoles then explained the standards by which an ALJ must consider and evaluate the testimony of non-medical sources:

> The Social Security Administration considers community support workers, vocational rehabilitation specialists, and parents to be acceptable,

non-medical sources. *See* 20 C.F.R. §§ 404.1513(d); 416.913(d); *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (providing non-medical sources include social welfare agency personnel, rehabilitation counselors, and parents). Social Security Ruling 06-03p explains how the SSA considers opinions from sources not classified as "acceptable medical sources," or "other non-medical sources." *See Id.* SSR 06-03p provides that when considering the opinion of a source that is classified as an other, non-medical source, such as a case worker or special education facilitator, "it would be appropriate to consider such factors as the nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion." SSR 06-03p. Furthermore, in discussing SSR06-03p, the Eighth Circuit Court of Appeals, in *Sloan*, pointed out:

> Information from these 'other sources' cannot establish the existence of a medically determinable impairment, according to SSR 06-03p. Instead, there must be evidence from an 'acceptable medical source' for this purpose. However, information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

*Sloan*, 449 F.3d at 888 (quoting SSR 06-03p). In determining the weight afforded to "other source" evidence an "ALJ has more discretion and is permitted to consider any inconsistencies found within the record." *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) (citation omitted). . . .

By providing reasons for discrediting [non-medical sources, an ALJ does] more than necessary according to the Eighth Circuit Court of Appeals, for evaluating the credibility of third-party witnesses. In *Robinson v. Sullivan*, 956 .2d 836, 841 (8th Cir. 1992), the Eighth Circuit determined that failure to provide any reasons for discrediting a third-party witness is not error when support for discrediting such a witness is found in the same evidence used by an ALJ to find that a claimant's testimony is not credible. *See also Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) . . . .

6

*Id.* at 20-23. Judge Scoles noted that the ALJ thoroughly addressed the opinions of all non-medical sources, including Meyer's mother and father. *Id.* Judge Scoles found that the ALJ provided good reasons for discounting the testimony of these non-medical sources. *Id.* Judge Scoles also found that the reasons articulated by the ALJ for discrediting Meyer's parents' statements are supported by the reasons for discrediting Meyer's own testimony. *Id.* at 23.

Next, Judge Scoles explained the formulation of a claimant's residual functional capacity (RFC):

> When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education, and work experience. *Beckley [v. Apfel]*, 152 F.3d [1056,] 1059. The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams [v. Barnhart]*, 393 F.3d [798,] 803; *see also Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (same). Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own descriptions of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson [v. Barnhart]*, 361 F.3d [1066,] 1070). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey [v. Astrue]*, 503 F.3d [687,] 697 (citing *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004).
>
> Additionally, an ALJ has a duty to develop the record fully and fairly. *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007); *Sneed v. Barnhart*, 360, F.3d 834, 838 (8th Cir. 2004); *Wilcutts v. Apfel*, 143 F.3d 1134, 1137 (8th Cir. 1998). Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule

indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

*Id.* at 25-26. Judge Scoles found in determining Meyer's RFC, the ALJ thoroughly addressed and considered Meyer's medical records, the observations of treating and non-treating physicians and Meyer's own subjective allegations of disability. *Id.* at 27. Because the ALJ considered the evidence as a whole, Judge Scoles concluded that the ALJ made a proper RFC determination based on a fully and fairly developed record. *Id.*

## IV. DISCUSSION

Meyer objects to Judge Scoles' determinations that the ALJ did not err with respect to any of the three arguments she has raised. Doc. No. 17. I will undertake a separate, de novo review of each argument.

### A. Credibility

Meyer argues that the medical evidence and the reports of those who worked with her on a regular basis confirm her testimony that she is seriously impaired by Asperger's syndrome and migraine headaches. Meyer objects to Judge Scoles' determination that the ALJ complied with *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). She concedes that the ALJ provided reasons for finding her complaints less than credible, but argues that the ALJ failed to properly evaluate the "overwhelming" evidence that supports her allegations and, thus, her inability to perform competitive work. While Meyer admits that there is some evidence supporting the ALJ's decision, she contends that substantial evidence in the record as a whole does not support the ALJ's determination. *Id.* at 2.

Although Meyer argues that "overwhelming" evidence supports her allegations and her inability to perform competitive work, she lists only a few specific examples.

Doc. No. 17 at 2-3. Meyer argues that her inability to perform competitive work is largely based on her poor time management, poor organizational skills and problems dealing with others. Specifically, Meyer argues that statements submitted by her parents, support workers and an employment placement specialist, along with the results of Meyer's work evaluation at North Iowa Vocational Center, support her argument that she could not maintain competitive employment.

Based on my de novo review of the record, I agree with Judge Scoles that substantial evidence supports the ALJ's credibility determination. The ALJ provided a detailed summary of evidence that casts doubt on Meyer's allegation of disabling symptoms. AR 60-68. For example, the ALJ noted that despite allegations of significant social limitations, the majority of Meyer's past work activity involved interaction with the general public and/or co-workers. AR 67, 304-10. The ALJ also noted that Meyer and her mother admitted that Meyer could successfully perform a job in medical coding that would not require close interaction with others. AR 68, 617. In addition, the ALJ pointed out that Meyer attended college, worked at several jobs simultaneously, sang in a chorus, played an instrument in a municipal band and taught flute lessons. Tr. 67, 429.

"[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005). I agree with Judge Scoles that the ALJ complied with *Polaski* and provided good reasons, supported by substantial evidence, for his credibility determination. Meyer's objection to this portion of the R&R is overruled.

### B. Non-Medical Source Opinions

Meyer objects to the Judge Scoles' finding that the ALJ properly considered the opinions of non-medical sources. She argues that the ALJ failed to evaluate those sources in the manner required by the Social Security regulations.

Meyer concedes that "the ALJ did discuss portions of the opinions of the non-medical sources that supported his decision . . . ." Doc. No. 17 at 3. However, she argues that these opinions were entitled to more weight and that "the ALJ failed to assess these opinions as required by Social Security's own rules." *Id.* Specifically, she contends that the ALJ failed to acknowledge that Meyer's attendance and punctuality problems and her other impairments would not be appropriate for competitive employment. *Id.* Meyer also argues that the ALJ improperly discounted Susan Faber's opinion on the basis that it was inconsistent with the record as a whole. *Id.* Similarly, Meyer argues that the opinions of her parents and case workers were entitled to more weight. *Id.*

The regulations require that an ALJ "carefully consider any other information that [the claimant] may submit about [his or her] symptoms," including statements "other persons provide about [the claimant's] pain or other symptoms." 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3). In *Buckner v. Astrue*, 646 F.3d 549 (8th Cir. 2011), the Eighth Circuit considered whether reversal is required if an ALJ fails to either (a) explain why third-party testimony is being discredited or (b) consider third-party testimony at all:

> In *Robinson v. Sullivan*, the ALJ explicitly discredited testimony from the claimant's wife but failed to discuss the reasons for doing so. 956 F.2d 836, 841 (8th Cir. 1992). We noted that "it is clear that the ALJ specifically addressed [the wife's] testimony and found it not credible" and that "[t]his finding is supported by the same evidence that proved [the claimant's] claims not credible." *Id.* Ultimately, we affirmed the ALJ, explaining that "[w]hile it is preferable that the ALJ delineate the specific credibility determinations for each witness, an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Id.* (quotation and citation omitted).

> Three years later, in *Lorenzen v. Charter*, we again considered an argument that the ALJ erred by "fail[ing] to list specific reasons for discrediting the testimony" of a third party. 71 F.3d 316, 319 (8th Cir. 1995). Nonetheless, we affirmed the ALJ because "it is evident that most

of [the third party's] testimony concerning [the claimant's] capabilities was discredited by the same evidence that discredits [the claimant's] own testimony concerning his limitations." *Id.*

Finally, in *Willcockson [v. Astrue*, 540 F.3d 878 (8th Cir. 2008], we considered an ALJ's failure to consider statements submitted by the claimant's mother, daughter, and sister. 540 F.3d at 880. We noted that we could not "determine from the record whether the ALJ overlooked these statements, gave them some weight, or completely disregarded them." *Id.* Moreover, we "question[ed] whether witness statements corroborating a claimant's subjective complaints can logically be treated as cumulative by assuming that they would have been rejected for the same reasons that the claimant statements were rejected." *Id.* at 881. This failure to address the third-party statements—combined with the ALJ's failure to explain the weight given to a nonexamining consultant's report and his insufficient assessment of the claimant's own statements—compelled us to remand the case. *Id.* at 880-81.

*Buckner*, 646 F.3d 549, 559.

In *Willcockson*, the court held that remand is necessary if an ALJ fails to *consider* third-party statements of lay persons but not if the ALJ merely *discredits* those statements. 540 F.3d at 881. The court explained that so long as the ALJ considers such statements, he or she is not required to explain why they are discredited if the "third-party evidence supporting a claimant's complaints was the same as evidence that the ALJ rejected for reasons specified in the opinion." *Id.* at 880.

Having reviewed the entire record, I find the ALJ did, in fact, consider the non-medical statements. Meyer concedes as much. She also concedes that the ALJ discussed the weight and credibility afforded to those opinions and explained why those opinions were discredited. Doc. No. 17 at 3-4. Meyer cites no particular rule or regulation that the ALJ allegedly failed to follow. Instead, she simply disagrees with the weight the ALJ afforded to the statements at issue. As Judge Scoles noted, however, the ALJ has more discretion in determining the weight afforded to "other source" evidence. Doc. No. 16

at 21 (citing *Raney*, 396 F.3d at 1010). I find no error in the ALJ's analysis. Meyer's objection to this portion of the R&R is overruled.

## C.    The RFC

Meyer objects to Judge Scoles' determination that the ALJ properly evaluated and weighed the evidence of attendance, punctuality, pace and organization in formulating her RFC. Doc. No. 17 at 4. Meyer argues that if proper weight was given to those limitations, they would have been included in the RFC and the hypothetical to the vocational expert, resulting in a finding that no competitive work is available for Meyer. *Id.*

The claimant's RFC is "what [the claimant] can still do" despite his or her physical or mental "limitations." 20 C.F.R. § 416.945(a)(1). "The ALJ must determine a claimant's RFC based on all of the relevant evidence." *Frederickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2004). This includes "an individual's own description of [her] limitations." *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). The claimant's RFC "is a medical question," *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001), and must be supported by "some medical evidence." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam). The medical evidence should address the claimant's "ability to function in the workplace." *Lewis*, 353 F.3d at 646. The ALJ is not required to mechanically list and reject every possible limitation. *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). Further, "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). The RFC must only include those impairments which are

substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004). Although the RFC assessment is based on medical evidence, it is ultimately an administrative decision reserved to the Commissioner. *Cox*, 495 F.3d at 619-20 (8th Cir. 2007).

I find no error in the ALJ's RFC analysis. Meyer's skeletal argument that the ALJ failed to properly evaluate and weigh the evidence as to Meyer's functional abilities is dependent on her first two arguments. Doc. No. 17 at 4. Because I have rejected Meyer's arguments concerning the ALJ's assessment of her credibility and the ALJ's consideration of non-medical evidence, I need not separately address her largely-overlapping argument concerning the ALJ's RFC findings. Suffice to say that based on my de novo review of this issue, I find that the ALJ applied the appropriate standards and made an RFC determination that is supported by substantial evidence. Meyer's objection to this portion of the R&R is overruled.

## IV.    CONCLUSION

For the reasons set forth herein:

1.    I **accept** Chief United States Magistrate Judge Jon S. Scoles' February 2, 2016, report and recommendation (Doc. No. 16) without modification. *See* 28 U.S.C. § 636(b)(1).

2.    Pursuant to Judge Scoles' recommendation:

   a.    The Commissioner's determination that Meyer was not disabled is **affirmed.**

   b.    Judgment shall enter in favor of the Commissioner and against the Meyer.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2016.

 

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE